IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEST MPETSHI, | CIVIL ACTION NO. 1:23-CV-593 |
| Petitioner | (Judge Conner) |
| v. | |
| S. WALKER (CASE MANAGER), | |
| Respondent | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, West Mpetshi, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to grant him earned time credits pursuant to the First Step Act. We will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.    Factual Background & Procedural History**

Mpetshi is currently incarcerated in the Allenwood Federal Correctional Institution ("FCI-Allenwood"). He filed the instant petition on April 3, 2023, and the court received and docketed the petition on April 6, 2023. (Doc. 1). The petition seeks to correct purportedly erroneous information contained on Mpetshi's supervised release plan by the United States Bureau of Prisons ("BOP") and seeks a writ of habeas corpus compelling the BOP to transfer him to home confinement pursuant to the First Step Act ("FSA") in light of the BOP's March 10, 2023 update to its procedures for implementing the FSA. (Id.)

On April 12, 2023, the court dismissed the request to correct information on the supervised release plan without prejudice for lack of jurisdiction. (Doc. 6). The court additionally ordered Mpetshi to show cause on or before May 12, 2023 as to why his FSA claim should not be dismissed without prejudice for failure to exhaust administrative remedies. (Id.) Mpetshi has not responded to the order.

## II.     Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.    Discussion

Dismissal of this case pursuant to Rule 4 is appropriate for failure to exhaust administrative remedies. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, our court of appeals has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.

See generally 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel.  See id. §§ 542.13-.15.  No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel.  Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review.  See Moscato, 98 F.3d at 761.  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction.  See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is likewise not required when it would be futile.  Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Mpetshi's petition is silent as to what steps he took to exhaust administrative remedies prior to filing his FSA claim.  (See Doc. 1).  The court accordingly directed Mpetshi to show cause as to why the case should not be dismissed for failure to exhaust administrative remedies.  (Doc. 6).  Mpetshi did not respond. Based on his failure to provide any information as to his exhaustion of administrative remedies, the court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**IV.     Conclusion**

We will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     June 23, 2023